McGREGOR W. SCOTT
United States Attorney
ANDRÉ M. ESPINOSA
BRIAN A. FOGERTY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT PIERRE DUNCAN,<br><br>　　　　　　　Defendant. | CASE NO. 2:19-CR-90-MCE<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER<br><br>DATE: June 10, 2020<br>COURT: Hon. Morrison C. England, Jr. |

　　　　On January 31, 2020, this case was set for status conference on June 4, 2020 and time was excluded under the Speedy Trial Act for both defendants. ECF No. 44-46, 50. On May 18, 2020, the Court reset that status conference for June 18, 2020. ECF No. 51. The United States and defendant Robert Pierre Duncan now seek to exclude from June 10, 2020, until the next scheduled status conference on June 18, 2020. The parties first acknowledge the extraordinary global events since March 2020 and the General Orders issued by the Chief Judge of this District in response to those events.

　　　　On May 13, 2020, for the Chief Judge of this District issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice." Further, pursuant to General Order 611, the Chief Judge's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021.[1] This and

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and

STIPULATION AND ORDER　　　　　　　　　　　　　1

previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

Although the General Orders and declarations of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated

---

operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

STIPULATION AND ORDER                                    2

by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[2] *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, Robert Pierre Duncan, by and through his counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status conference on June 4, 2020 and time was excluded under the Speedy Trial Act for both defendants. ECF No. 44-46, 50.

2. On May 18, 2020, the Court reset that status conference for June 18, 2020. ECF No. 51.

3. By this stipulation, the defendant now moves to exclude time between June 10, 2020, and June 18, 2020, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

4. The parties agree and stipulate, and request that the Court find the following:

   a) The government has produced voluminous discovery in this case, including hundreds of pages of documents, several cell phone extractions, and recordings of telephone calls that were intercepted pursuant to court orders.

   b) Counsel for the defendant requires additional time to review the allegations underlying all of the charges in the indictment, examine the evidence, confer with her client, and prepare for trial.

   c) Counsel for defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d) The government does not object to the continuance.

   e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION AND ORDER                 3

original date prescribed by the Speedy Trial Act.

   f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of June 10, 2020 to June 18, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

  5. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

  IT IS SO STIPULATED.

Dated:  June 10, 2020        McGREGOR W. SCOTT
                  United States Attorney

                  /s/ ANDRÉ M. ESPINOSA
                  ANDRÉ M. ESPINOSA
                  Assistant United States Attorney

Dated:  June 10, 2020        /s/ SHARI RUSK
                  SHARI RUSK
                  Counsel for Defendant
                  ROBERT PIERRE DUNCAN

**ORDER**

  IT IS SO ORDERED.

Dated:  June 11, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE