McGREGOR W. SCOTT
United States Attorney
ANDRÉ M. ESPINOSA
BRIAN A. FOGERTY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT PIERRE DUNCAN,<br>EVA CHRISTIAN<br><br>Defendants. | CASE NO. 2:19-CR-90-MCE<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER<br><br>DATE: June 15, 2020<br>COURT: Hon. Morrison C. England, Jr. |

On January 31, 2020, this case was set for status conference on June 4, 2020 and time was excluded under the Speedy Trial Act for both defendants. ECF No. 44-46, 50. On May 18, 2020, the Court reset that status conference for June 18, 2020. ECF No. 51. On June 10 and 11, 2020, the parties submitted stipulations and proposed orders excluding time under the Speedy Trial Act to June 18, 2020, as to defendants Duncan and Christian, respectively. ECF No. 52-53. On June 12, 2020, the Court signed an order excluding time under the Speedy Trial Act as to defendant Duncan. ECF No. 54. The stipulation concerning defendant Christian remains pending.

The parties all now seek to continue the status conference currently scheduled for June 18, 2020, at 10:00am, to July 23, 2020, at 10:00am, and to exclude time under the Speedy Trial Act from June 18, 2020, until July 23, 2020.

The parties first acknowledge the extraordinary global events since March 2020 and the General Orders issued by the Chief Judge of this District in response to those events.

STIPULATION AND ORDER                                1

On May 13, 2020, for the Chief Judge of this District issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice." Further, pursuant to General Order 611, the Chief Judge's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

Although the General Orders and declarations of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

STIPULATION AND ORDER          2

discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[2]  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendants, Robert Pierre Duncan and Eva Christian, by and through their counsel of record, hereby stipulate as follows:

1. On January 31, 2020, this case was set for status conference on June 4, 2020 and time was excluded under the Speedy Trial Act for both defendants.  ECF No. 44-46, 50.

2. On May 18, 2020, the Court reset that status conference for June 18, 2020.  ECF No. 51.

3. On June 10 and 11, 2020, the parties submitted stipulations and proposed orders excluding time under the Speedy Trial Act to June 18, 2020, as to defendants Duncan and Christian, respectively.  ECF No. 52-53.

4. On June 12, 2020, the Court signed an order excluding time under the Speedy Trial Act as to defendant Duncan.  ECF No. 54.  The stipulation concerning defendant Christian remains pending.

5. The parties all now agree to seek to continue the status conference currently scheduled for June 18, 2020, at 10:00am, to July 23, 2020, at 10:00am, and to exclude time under the Speedy Trial Act from June 18, 2020, until July 23, 2020.

6. By this stipulation, the defendants now moves to exclude time between June 18, 2020,

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION AND ORDER                                      3

and July 23, 2020, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

7. The parties agree and stipulate, and request that the Court find the following:

    a) The government has produced voluminous discovery in this case, including hundreds of pages of documents, several cell phone extractions, and recordings of telephone calls that were intercepted pursuant to court orders.

    b) Counsel for the defendants requires additional time to review the allegations underlying all of the charges in the indictment, examine the evidence, confer with their clients, and prepare for trial.

    c) Counsel for the defendants believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    d) The government does not object to the continuance.

    e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

    f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of June 18, 2020 to July 23, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at the defendants' requests on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

///
///
///
///
///
///
///

STIPULATION AND ORDER      4

8.       Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  June 15, 2020                           McGREGOR W. SCOTT
                                                United States Attorney

                                                /s/ ANDRÉ M. ESPINOSA
                                                ANDRÉ M. ESPINOSA
                                                Assistant United States Attorney

Dated:  June 15, 2020                           /s/ KELLY BABINEAU
                                                KELLY BABINEAU
                                                Counsel for Defendant
                                                EVA CHRISTIAN

Dated:  June 15, 2020                           /s/ SHARI RUSK
                                                SHARI RUSK
                                                Counsel for Defendant
                                                ROBERT PIERRE DUNCAN

**ORDER**

IT IS SO ORDERED.

Dated:  June 16, 2020

                                                _____
                                                MORRISON C. ENGLAND, JR
                                                UNITED STATES DISTRICT JUDGE