PHILLIP A. TALBERT
Acting United States Attorney
SAM STEFANKI
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:19-CR-00090-KJM |
|---|---|
| Plaintiff, | STIPULATION AND [PROPOSED] ORDER REGARDING SENSITIVE DISCOVERY MATERIAL |
| v. | |
| ROBERT PIERRE DUNCAN, | |
| Defendant. | |

**STIPULATION**

Pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, the United States of America (the "government") and defendant Robert Duncan ("Duncan" or "the defendant") stipulate as follows:

1. The government possesses additional discovery material and access to that material will be provided to counsel for Duncan. The material, containing "J-designated" bates numbers, and any subsequent material produced by the government to the defendant using the "J-designated" bates numbering or otherwise protected designation shall be referred to throughout this stipulation as "Protected Material." Disclosure of the Protected Material to the defendant may be required pursuant to the government's discovery obligations and, even if not required, will facilitate the defendant's trial preparation.

2. The Protected Material is now and will forever remain the property of the United States. The Protected Material is entrusted to counsel for the defendant only for purposes of representation of Duncan during trial in this case.

3. The purpose of this stipulation and order is to establish the procedures that must be followed by defense counsel of record, any designated employees, and all other individuals who receive access to this information or these documents in connection with this case.

4. If hard copies of the Protected Material are produced, counsel for the defendant shall not give the Protected Material to any person other than counsel's staff assisting in preparation for the upcoming trial. The term "staff" shall explicitly include attorneys, paralegals, and investigators assisting counsel for Duncan in the present trial and exclude any other defendant in this case, or any other pending case against the defendant, any other counsel hired, retained, or otherwise working on behalf of the defendant, or any other person other than those specifically described in this paragraph.

5. Any person receiving access to the Protected Material from counsel for the defendant shall be bound by the same obligations as defense counsel and, further, may not give the Protected Material to anyone. No members of Duncan's family, friends of Duncan, associates of Duncan, or other such associates of Duncan shall be given access to the Protected Material or its contents in any manner.

6. If hard copies of the Protected Material are produced, counsel for the defendant shall not make any copies, duplicates, or recordings of the Protected Material. If hard copies of the Protected Material are produced, counsel for the defendant may, however, take written or typed notes summarizing the Protected Material and, if necessary to the litigation of the instant matter, may have the Protected Material transcribed.

7. Counsel for the defendant shall maintain a list of persons to whom any portions or copies of the Protected Material are being or have been given. Such persons shall be provided with a copy of this stipulation and order and shall sign their full names to a copy of the stipulation and agree to be bound by the order and note that they understand its terms and agree to them by signing.

8. Counsel for the defendant may use any and all of the Protected Material in the defense of Duncan in the instant case in any manner deemed essential to adequately represent the defendant (i.e., in motions that are filed under seal, if necessary; in *ex parte* applications as may be needed; and in reproducing and summarizing the Protected Material for use in trial preparation summaries, exhibits and as evidence, as may be needed), consistent with the Protective Order as it shall be originally prepared and signed. In the event defense counsel needs to use the Protected Material in a manner not authorized

under the present order, counsel shall be entitled to seek to have the order amended by the Court after giving notice to counsel for the government in a hearing before the Court.

9. Counsel for the defendant is authorized to discuss with Duncan the contents of the Protected Material. Counsel for the defendant and any members of counsel's staff, however, are prohibited from, in any way, giving to the defendant:

a) Any of the Protected Material, itself;
b) Copies of the Protected Material;
c) Copies of excerpts of the Protected Material; or
d) Summaries of the Protected Material.

The above prohibition will not extend to the defendant viewing the Protected Material in open court should any of these materials or summaries thereof be used in the litigation of this case.

10. Within thirty days of the finality of the instant case against the defendant, as determined under the Federal Rules of Criminal Procedure and case law from the United States Court of Appeals for the Ninth Circuit and the United States Supreme Court, counsel for the defendant shall return any and all copies of the Protected Material and so certify to the attorney for the government.

IT IS SO STIPULATED.

Dated: November 19, 2021

PHILLIP A. TALBERT
Acting United States Attorney

/s/ SAM STEFANKI
SAM STEFANKI
Assistant United States Attorney

Dated: November 19, 2021

/s/ JESSE ORTIZ
JESSE ORTIZ
Counsel for Defendant
ROBERT PIERRE DUNCAN

# [~~PROPOSED~~] ORDER

Based upon the agreement of the parties and pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, the Court adopts the proposed stipulation regulating certain discovery in this case. IT IS HEREBY ORDERED that each of the terms described in the stipulation of the parties shall govern the Protected Material as defined in the stipulation in this case.

DATED: November 19, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE