1  PHILLIP A. TALBERT
   Acting United States Attorney
2  BRIAN A. FOGERTY
   SAM STEFANKI
3  Assistant United States Attorneys
   501 I Street, Suite 10-100
4  Sacramento, CA 95814
   Telephone: (916) 554-2700
5  Facsimile:  (916) 554-2900

6
   Attorneys for Plaintiff
7  United States of America

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,              CASE NO.  2:19-CR-90 KJM

12                        Plaintiff,       **UNITED STATES' MOTION *IN LIMINE* NO. 1 –
                                           TO ADMIT EVIDENCE PURSUANT TO FED.
13              v.                         R. EVID. 902(11), (13) AND 803(6)**

14  ROBERT PIERRE DUNCAN,                  DATE: January 3, 2022
                                           TIME: 9:00 a.m.
15                        Defendant.       COURT: Hon. Kimberly J. Mueller

16

17      The United States moves *in limine* to admit as evidence at the trial in this case records from

18  defendant Robert Pierre Duncan's TextNow, Inc. and Google Inc. accounts, pursuant to record custodian

19  certificates that comply with the requirements of Federal Rules of Evidence 902(11) and (13), and

20  803(6).  The subscriber records that the government moves to admit contain Duncan's name and are for

21  accounts that are linked to an online prostitution advertisement depicting then-17-year-old Minor A.

22                  I.        **STATEMENT OF FACTS**

23       The Superseding Indictment charges Duncan with conspiring with co-defendant Eva Christian to

24  cause 17-year-old Minor A to engage in prostitution.  ECF No. 118; 18 U.S.C. §§ 1591(a) and 1594(c).

25  The Superseding Indictment also includes a substantive count based on Duncan's efforts to recruit,

26  entice, harbor, transport, and advertise, among other things, the minor victim with the requisite

27  knowledge that she was younger than 18 years old,[1] and that the victim would be caused to engage in a

28  _____
         [1] This element can be established by proving actual knowledge, reckless disregard of the victim's

commercial sex act in the future.[2]  ECF No. 118; 18 U.S.C. §§ 1591(a)(1), (b)(2).  Additionally, the Superseding Indictment charges Duncan with escaping from custody shortly after his arrest pursuant to a federal warrant.  *See* ECF No. 118; 18 U.S.C. § 751(a).

The foregoing charges arise from Duncan's efforts to make money by offering sex buyers opportunities to sexually abuse a teenage girl between September and October 2018.  Duncan recruited the minor victim and subsequently worked in partnership with Christian to provide Minor A to sex buyers on the streets and in a motel.  Duncan directed Minor A's prostitution activity, dictating where and when the commercial sex acts would occur, while monitoring Minor A's physical location using text messages and a cell phone application.  He drove her to prostitution dates, harbored her in a Natomas apartment, and posted prostitution advertisements on the internet that contained photos of Minor A in order to attract strangers to have sex with her for money.

At trial, the government will introduce online prostitution advertisements that contain several sexually suggestive photos of Minor A posing in lingerie.  The telephone number listed on one of these prostitution advertisements depicting Minor A is (916) 758-7904 (hereinafter, "x7904").  That telephone number was assigned to an account with mobile communication provider TextNow, Inc. (hereinafter, "TextNow").  The TextNow subscriber records indicate that the accountholder for x7904 was Robert Duncan with associated Google Gmail account robertd6900@gmail.com.  *See* Government's Trial Exhibit 57, attached hereto as Exhibit A.  Google records indicate that robertd6900@gmail.com was also assigned to Robert Duncan.  *See* Government's Trial Exhibit 58, attached here to as Exhibit B.  TextNow and Google have provided certificates that comply with Federal Rules of Evidence 902(11), 902(13), and 803(6).  *See* Exhibits C and D.

///

///

---

age, or proceeding after having a reasonable opportunity to observe the victim.  *See* 18 U.S.C. §§ 1591(a)(1) and (c).

[2] The United States does not have to prove that the minor victim actually engaged in a commercial sex act.  *See United States v. Backman*, 817 F.3d 662, 666 (9th Cir. 2016) (holding "[c]ausation is not an element in a § 1591(a) prosecution, because a commercial sex act need not even occur: 'case law makes clear that 'commission of a sex act or sexual contact' is not an element of a conviction under 18 U.S.C. § 1591.'") (quoting *United States v. Hornbuckle*, 784 F.3d 549, 553 (9th Cir. 2015)).

## II.   ARGUMENT

**A.**   **The record custodian certifications authenticate and establish the hearsay exception for admission of the TextNow and Google subscriber records.**

The certifications provided by TextNow and Google's respective record custodians establish that the subscriber records set forth in Government's Trial Exhibits 57 and 58 are admissible as records of a regularly conducted activity, pursuant to Federal Rule of Evidence 803(6).  *See* Exhibits C and D.  Rule 902(11) states that evidence is self-authenticating and "require[s] no extrinsic evidence of authenticity in order to be admitted" when it is:

> [t]he original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)–(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court.

Additionally, Rule 902(13) provides that the same foundation for admission under Rule 803(6) has been established when there is "a record generated by an electronic process or system that produces accurate results, as shown by a certification of a qualified person that complies with the certification requirements of 902(11) or (12)."  Fed. R. Evid. 902(13).

Rule 803(6) provides an exception to the rule against hearsay for records of a regularly conducted activity.  Fed. R. Evid. 803(6).  Rule 803(6)(A)–(C) identifies the substantive elements of this hearsay exception:

> (A) the record was made at or near the time by—or from information transmitted by—something with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> (C) making the record was a regular practice of that activity.

Here, the TextNow and Google certifications satisfy each of the foregoing elements.  *See* Exhibits C and D.  Accordingly, the government respectfully requests that the Court enter an *in limine* order ruling that Government's Trial Exhibits 57 and 58 are admissible pursuant to Rule 803(6).

///

///

///

1

2

**B.**     **The Confrontation Clause does not require live testimony from custodians of records.**

3     The Sixth Amendment's Confrontation Clause does not require the TextNow and Google

4 custodians to appear at trial and submit to cross-examination because neither the records nor the

5 certifications are testimonial within the meaning of the Sixth Amendment.  *See United States v. Anekwu,*

6 695 F.3d 967, 974 (9th Cir. 2012) ("We have previously concluded that a 'routine certification by the

7 custodian of a domestic public record . . . and a routine attestation to authority and signature .. are not

8 testimonial in nature.'") (citing *United States v. Weiland*, 420 F.3d 1062, 1077 (9th Cir. 2005)); *see also*

9 *United States v. Hagege*, 437 F.3d 943, 958 (9th Cir. 2006); *United States v. Yeley-Davis*, 632 F.3d 673,

10 680–81 (10th Cir. 2011) (holding that a Rule 902(11) certificate authenticated and laid the foundation

11 for admission under Rule 803(6) for cellular phone records, and further holding that the custodian's

12 certification was not testimonial).  Accordingly, admitting Government Trial Exhibits 57 and 58 will not

13 implicate Duncan's Confrontation Clause rights.

14                                        **III.     CONCLUSION**

15     The United States respectfully requests that the Court enter an order ruling that Government's

16 Trial Exhibits 57 and 58 are admissible pursuant to Federal Rule of Evidence 803(6), as established by

17 certifications that comply with Federal Rules of Evidence 902(11) and (13).

18  Dated:  December 21, 2021                          PHILLIP A. TALBERT
                                                        Acting United States Attorney
19

20                                                 By:  /s/ BRIAN A. FOGERTY
                                                        BRIAN A. FOGERTY
21                                                      Assistant United States Attorney

22

23

24

25

26

27

28