MICHELE BECKWITH
Acting United States Attorney
SAM STEFANKI
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>ROBERT PIERRE DUNCAN,<br><br>　　　　　　　　　Defendant. | CASE NO. 2:19-CR-00090-KJM<br><br>STIPULATION AND [~~PROPOSED~~] ORDER REGARDING SENSITIVE DISCOVERY MATERIAL |

## STIPULATION

Pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, the United States of America (the "government") and defendant Robert Duncan ("Duncan" or "the defendant") stipulate as follows:

1.    The Court recently appointed counsel to represent the defendant in litigating a petition filed under 28 U.S.C. § 2255. This new counsel did not participate in the underlying criminal trial in this case or in any of the case's pretrial litigation.

2.    New counsel for the defendant desires to review the discovery produced during the underlying criminal case. Counsel for the defendant believes that reviewing this discovery will help inform the defendant's future litigating position relating to his § 2255 petition.

3.    The underlying discovery in this case (the "Protected Material") consists of more than 2,000 pages of documents, records, and recordings. Some of this discovery identifies or otherwise refers to a minor victim whose identity was protected prior to and during trial.

4. The Protected Material is now and will forever remain the property of the United States. The Protected Material is entrusted to counsel for the defendant only for purposes of representation of Duncan during litigation related to Duncan's § 2255 petition filed in this case.

5. The purpose of this stipulation and order is to establish the procedures that must be followed by defense counsel of record, any designated employees, and all other individuals who receive access to this information or these documents in connection with this case.

6. If hard copies of the Protected Material are produced, counsel for the defendant shall not give the Protected Material to any person other than counsel's staff assisting in litigating Duncan's § 2255 petition. The term "staff" shall explicitly include attorneys, paralegals, and investigators assisting counsel for Duncan in the present § 2255 litigation and exclude any other defendant in this case, or any other pending case against the defendant, any other counsel hired, retained, or otherwise working on behalf of the defendant, or any other person other than those specifically described in this paragraph.

7. Any person receiving access to the Protected Material from counsel for the defendant shall be bound by the same obligations as defense counsel and, further, may not give the Protected Material to anyone. No members of Duncan's family, friends of Duncan, associates of Duncan, or other such associates of Duncan shall be given access to the Protected Material or its contents in any manner.

8. If hard copies of the Protected Material are produced, counsel for the defendant shall not make any copies, duplicates, or recordings of the Protected Material. If hard copies of the Protected Material are produced, counsel for the defendant may, however, take written or typed notes summarizing the Protected Material and, if necessary to the litigation of the instant § 2255 petition, may have the Protected Material transcribed.

9. Counsel for the defendant shall maintain a list of persons to whom any portions or copies of the Protected Material are being or have been given. Such persons shall be provided with a copy of this stipulation and order and shall sign their full names to a copy of the stipulation and agree to be bound by the order and note that they understand its terms and agree to them by signing.

10. Counsel for the defendant is authorized to discuss the contents of the Protected Material with Duncan himself. Counsel for the defendant and any members of defense counsel's staff, however, are prohibited from, in any way, giving to the defendant:

      a)    Any of the Protected Material itself;

      b)    Copies of the Protected Material;

      c)    Copies of excerpts of the Protected Material; or

      d)    Summaries of the Protected Material.

The above prohibition will not extend to the defendant viewing the Protected Material in open court should any of these materials or summaries thereof be used in the litigation of Duncan's § 2255 petition.

10. Within thirty days of the finality of the Court's ruling on the instant § 2255 petition filed by the defendant, as determined under the Federal Rules of Criminal Procedure and case law from the United States Court of Appeals for the Ninth Circuit and the United States Supreme Court, counsel for the defendant shall return any and all copies of the Protected Material and so certify to the attorney for the government.

IT IS SO STIPULATED.

Dated:  June 17, 2025                              MICHELE BECKWITH
                                                     Acting United States Attorney

                                                     /s/ SAM STEFANKI
                                                     SAM STEFANKI
                                                     Assistant United States Attorney

Dated:  June 17, 2025                              /s/ TONY FARYAR FARMANI
                                                     TONY FARYAR FARMANI
                                                     Counsel for Defendant
                                                     ROBERT PIERRE DUNCAN

**[~~PROPOSED~~] ORDER**

Based upon the agreement of the parties and pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, the Court adopts the proposed stipulation regulating certain discovery in this case. IT IS HEREBY ORDERED that each of the terms described in the stipulation of the parties shall govern the Protected Material as defined in the stipulation in this case.

DATED: June 20, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE